**(110 So. 79)**

**No. 26048.**

**TREMONT LUMBER CO. v. PEAVY et al.**

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Evidence ☞450(11).**

Where contract which guaranteed purchaser of lumber company against indebtedness not shown by records, and for losses by defective titles, was ambiguous and contradictory concerning its character and extent, parol evidence to ascertain its nature and intent of parties *held* properly admitted.

**2. Evidence ☞450(11).**

Where liability for taxes could not be ascertained from contract guaranteeing purchaser of lumber company against indebtedness not shown by records, or losses through defective titles, parol evidence was admissible to show what was done about taxes.

**3. Guaranty ☞91.**

Evidence *held* to show that defendant, guaranteeing purchaser of lumber company against loss by reason of defective titles and indebtedness not shown by records, did not intend to protect purchaser against payment of taxes.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Suit by the Tremont Lumber Company against A. J. Peavy and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Theus, Grisham & Davis, of Monroe, for appellant.

J. G. Palmer and J. Fair Hardin, both of Shreveport, for appellees.

ROGERS, J. In August, 1919, the Winn Parish Lumber Company acquired certain lands and standing timber from William Edenborn, for which it paid $200,000 cash, gave its notes, secured by vendor's lien and mortgage, for $541,700, and assumed the payment of five-twelfths of the taxes due on the property for the year 1919. In this transaction the timber involved was valued at $6.50 per thousand feet.

In the month of October of the same year, Frank P. Leffingwell, active vice president of the Tremont Lumber Company, in order to acquire for his company in the most expedient way the said lands and timber, purchased all the capital stock which had been issued by the Winn Parish Lumber Company, amounting to $250,000, and assumed the liability of the subscribers for the remaining $250,000 unissued capital stock of the corporation. The value of the timber in this transaction was fixed at $8 per thousand feet. Later, Leffingwell, as the president of and acting for the Winn Parish Lumber Company, conveyed the property to the Tremont Lumber Company, in consideration of the assumption by the vendee company of the notes representing the unpaid portion of the purchase price due by the vendor company to William Edenborn and for other valuable considerations.

Contemporaneously with the sale of the capital stock of the Winn Parish Lumber Company, Peavy and Moore, the present defendants, executed an instrument in which they guaranteed Leffingwell, the purchaser of the stock, against any losses he might sustain on account of the difference between the price of $6.50 per thousand feet of timber paid Edenborn and the price of $8 per thousand feet of timber which he was paying, resulting from defective titles, and also against any damages he might sustain on account of any debts, obligations, or liabilities of the corporation or of its stockholders, except the obligation to take

and pay for the unissued part of the capital stock, which was specially assumed by Leffingwell. Subsequently, Leffingwell transferred this guaranty and the stock of the Winn Parish Lumber Company to the Tremont Lumber Company.

Edenborn, the original vendor, having paid the taxes assessed against the land and timber for the year 1919, the Tremont Lumber Company, upon his demand therefor, returned to him the pro rata of said taxes, amounting to $4,544.15, assumed by the Winn Parish Lumber Company. The Tremont Lumber Company then called upon Peavy and Moore, under their guaranty, to reimburse it the amount thus paid. The demand was refused and this suit followed.

Defendants, in their answer, admitted the execution of the contract of guaranty, but denied that under its terms they bound themselves to protect Leffingwell, or his assigns, against the payment of the taxes. In the alternative, they averred that, if the court should hold they were so bound, then the contract is erroneous, and not in accordance with the true intent of the parties; that the true agreement entered into was only an obligation by defendants to protect Leffingwell against the possible existence of any other indebtedness of the Winn Parish Lumber Company not reflected by the records, and to make good the difference between the Edenborn warranty and the price paid by Leffingwell on such timber as might be lost on account of the defective titles, and they asked that the contract be revised and reformed accordingly.

On the trial of the case, plaintiff's objection to the admission of parol testimony to alter, vary, or reform the contract was overruled, and judgment was rendered rejecting its demands. Plaintiff then appealed.

[1] There was no error in the ruling of the judge a quo upon the admissibility of the evidence offered on behalf of the defendants. The object of the testimony was not to alter or vary the instrument, but to ascertain the nature and extent of the subject to which it referred. This was necessary, because there is some obscurity concerning the character or extent of the subject of the contract.

In the first place, the contract, which was prepared by Leffingwell, who is an attorney at law as well as a keen business man, states, in effect, that the defendants represent the corporation to be free from debt or liability of any kind, except the amount of $541,700 due on the purchase price of the property. Notwithstanding this declaration, the defendants are made to obligate themselves to indemnify Leffingwell against the payment of this debt, since the guaranty as written excepts only the obligation to take and pay for at its par value the unissued capital stock of the Winn Parish Lumber Company, which is specially assumed by Leffingwell. These statements and provisions of the contract are so ambiguous and contradictory that resort must be had to parol evidence in order to ascertain the intention of the parties. This, in effect, is admitted by plaintiff, when in its petition it specially excepted the $541,700 due on the purchase price from the guaranty executed by the defendants.

[2] In the second place, defendants' guaranty is that the corporation is free from all debts, obligations, and liabilities, except the amount due on the purchase price of the property as acquired from Edenborn, and then it is erroneously set forth in the contract that the amount due on the purchase price is as shown by the notes described in the deed. The deed, however, which is referred to and made a part of the act of sale from the Winn Parish Lumber Company to the Tremont Lumber Company, shows that five-twelfths of the taxes for the year 1919 was also due as part of the purchase price.

[3] The clause in the contract referring to the freedom of the corporation from debt is

couched in general terms. No list of debts is given. The pro rata of the taxes for the year 1919, which was originally assumed by the Winn Parish Lumber Company, and which was assumed, subsequently, by Leffingwell when he became the sole owner of the corporation by virtue of his purchase of its entire capital stock, is not mentioned at all in the agreement. In these circumstances it is necessary to go outside the written document in order to ascertain what was done, if anything, about the taxes. We think the evidence on the point shows that the defendants never agreed to protect Leffingwell against their payment; that when he purchased the entire capital stock of the Winn Parish Lumber Company he took the place of the stockholders of said corporation in the Edenborn contract, and assumed all the obligations growing out of said contract; that the guaranty was executed by the defendants for the purpose only of indemnifying Leffingwell against any loss he might sustain by reason of defective titles, and against the possible existence of any indebtedness of the Winn Parish Lumber Company not appearing on its records.

For the reasons assigned, the judgment appealed from is affirmed, at plaintiff's cost.